UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

In Re: Richard Ayers              Case No. 17-10902-BAH
        Debtor(s).              Chapter 13

## ORDER SUSTAINING TRUSTEE'S OBJECTIONS TO CLAIMS AND AUTHORIZING TRUSTEE TO DISBURSE PAYMENTS UNDER CHAPTER 13 PLAN

Upon consideration of the Trustee's Objections to Claims and Motion for Authorization to Disburse Payments (the "Motion") filed by the Chapter 13 Trustee, the Court hereby GRANTS the Motion according to the following terms:[1]

**I. Objection to Certain Filed Claims:**

    **A. Late General Claims:** The Trustee has objected to the claims listed below. These claims were filed beyond the non-governmental claims bar deadline of 11-06-17. Accordingly, these claims are hereby DISALLOWED and shall not receive a distribution under the Chapter 13 Plan, absent a specific Order to the contrary from the Court.
    N/A

    **B. Late Governmental Claims:** The Trustee has objected to the claims listed below. These claims were filed beyond the governmental claims bar deadline of 12-26-17. Accordingly, these claims are hereby DISALLOWED and shall not receive a distribution under the Chapter 13 Plan, absent a specific Order to the contrary from the Court.
    N/A

    **C. Duplicate Claims:** The Trustee has objected to the claims listed below. These claims are duplicative of other claims filed in this case and, consequently, are hereby DISALLOWED. These claims will not receive a distribution under the Chapter 13 Plan.
    N/A

---

1. The number assigned to each claim listed in each of the following sections corresponds to that claim's listing in the Court's Registry of Claims in this case. Any claims denoted with an asterisk ("*") are not listed in the Registry of Claims.

**II. Statement of Applicable Plan Provisions, and Request for Authorization to Pay Certain Claims:**

   **A. Total Proposed Payments from Debtor(s)**
      **(plus any annual applicable income tax refund):**                $27,598.52

   **B. Chapter 13 Trustee's Fees and Expenses:**                     $2,759.85

   **C. Secured Claims:** The following filed secured claims shall receive a distribution from the funds submitted by the Debtor. To the extent that the allowed amount shown below reflects arrearages to cure defaults pursuant to 11 U.S.C. § 1322(b)(3) or (5), such defaults shall be deemed cured upon payment of the allowed amount plus additional amounts due pursuant to 11 U.S.C. § 1322(e); the applicable underlying security interest(s) remain unimpaired. To the extent that the allowed amount shown here reflects full payment of the secured claim pursuant to the plan, the security interest shall be discharged upon payment of the allowed amount and any applicable interest in full. Regarding any secured claim listed here for which the Debtor(s) have proposed that the creditor retain its lien, should subsequent events occur that result in relief being granted from the stay of 11 U.S.C. § 362(a) and liquidation of the collateral, then if that creditor seeks to assert an unsecured deficiency claim resulting from the liquidation of the collateral, that creditor shall move to amend its previously allowed secured claim to reflect the unsecured deficiency. The Court may then allow the unsecured deficiency claim for plan distribution purposes.

   **C.1. Secured Claims paid directly by the Debtor(s):**
      Federal National Mortgage Association/Seterus, Inc.
      (residential first mortgage)

   **C.2. Secured and Secured Arrearage Claims Paid Through the Plan:**
1.     Federal National Mortgage Association                 22,638.00
TOTAL SECURED AND SECURED ARREARAGE CLAIMS:        $22,638.00

   **C.3. Modified Secured Claims Paid Through the Plan:**
    N/A
    TOTAL MODIFIED SECURED CLAIMS:                     $0.00

   **C.4. Secured Claims Secured by Collateral Surrendered by the Debtor(s):** These claims are not to be paid through the plan nor to be paid directly by the Debtor(s).
    N/A

   **D. Priority Claims:** The priority claims, listed below, shall receive a distribution by the Chapter 13 Trustee from the funds submitted by the Debtor(s).
    N/A

**D.1 Attorney's Fees:**
\*      Attorney Kevin Chisholm

| | |
|---|---|
| Total Attorney Fee, Inclusive of Retainer | 3,200.00 |
| Pre-Petition retainer: | 1,000.00 |
| Remaining balance due, Payable Through the Plan: | 2,200.00 |

*Inclusive of the retainer, $4,500.00 of any attorney fee can be paid over the first 12 months of the plan pursuant to AO 2016-1. Any attorney fee requested in excess of $4,500.00 requires an approved fee application.*

Portion of Balance Due Paid Over:

| | |
|---|---|
| *The first 12 months of the plan up to the total of $4,500.00:* | 2,200.00 |
| *b) remaining balance to be paid over full term of the plan,* | $0.00 |
| TOTAL PRIORITY CLAIMS: | $2,200.00 |

**E. General Unsecured Claims:** The claims, listed below, both timely-filed general unsecured claims and amounts deemed unsecured pursuant to the modification of certain secured claims --referred to above in section II.C.---shall receive distributions from the Chapter 13 Trustee from the funds submitted by the Debtor(s):
N/A
TOTAL UNSECURED CLAIMS:                                       $0.00

**F. Unscheduled General Unsecured Claims:** The claims listed below were filed in the Registry of Claims as unsecured claims. These claims cannot be identified or located in the Schedules filed in this case. Each of these claims shall receive a distribution from the Chapter 13 Trustee from the funds submitted by the Debtor(s), unless successfully objected to by the Debtor(s).
N/A
TOTAL UNSCHEDULED UNSECURED CLAIMS:                           $0.00

### III. Summary of the Confirmed Chapter 13 Plan:

| | |
|---|---:|
| Total Proposed Payments from Debtor(s) | $27,598.52 |
|   (plus any applicable annual income tax refunds) | |
| Distributions Under Plan | |
|   Trustee's Fees (10% of total) | 2,759.85 |
|   Total Secured and Secured Arrearage Claims | 22,638.00 |
|   Total Modified Secured Claims | 0.00 |
|   Total Priority Claims | 0.00 |
|   Attorney's Fees Payable under the Plan | 2,200.00 |
|   Estimated Total Remainder Available for Unsecured Creditors | $0.67 |
| | |
|   Total Scheduled General Unsecured Claims: | 0.00 |
|   Total Unscheduled General Unsecured Claims: | 0.00 |
| | |
| SUBTOTAL: | $0.00 |

(N/A to be disbursed to Unsecured Creditors)

ENTERED at Concord, New Hampshire.

Date: June 25, 2018         /s/ Bruce A. Harwood
                            Bruce A. Harwood
                            Chief Bankruptcy Judge